STONEMETZ PRINTERS' MACHINERY CO. *v.* BROWN FOLDING MACH. CO.

*(Circuit Court, W. D. Pennsylvania. May 4, 1891.)*

1. EQUITY PLEADING—INFRINGEMENT OF PATENTS—MULTIFARIOUSNESS.
A bill which claims relief because of an alleged interference between the patents of the complainant and the defendant, and also because of defendant's alleged infringement of complainant's patent, is not multifarious.

2. SAME—INTERFERENCE OF PATENTS.
Allegations that complainant obtained a certain patent; that defendant obtained certain patents of a later date, which interfere with complainant's rights under his patent; that defendant is making and selling machines under his patents, and has in other ways disturbed complainant in the use and enjoyment of the rights granted by his patent,—sufficiently charge interference.

3. SAME—IMMATERIAL ALLEGATION—EXCEPTION.
Objection to an immaterial allegation in a bill should be taken by exception, and not by demurrer.

In Equity. On demurrer.

*John K. Hallock*, for demurrer.

*John C. Sturgeon*, contra.

REED, J. The bill avers the plaintiff's assignor, John H. Stonemetz, to have been the inventor of an improvement in carrier attachments to folding machines. That he filed his application March 14, 1883, and letters patent No. 343,677 were granted to him on June 15, 1886. That while the Stonemetz application was pending, R. T. Brown, on May 28, 1883, filed an application for letters patent for an invention in carrier attachments for folding machines substantially the same in construction and operation as the said invention of Stonemetz. That an interference was declared between said applications under the rules of the patent-office, and Stonemetz finally declared to be the prior inventor. Afterwards Brown disclaimed the invention claimed by Stonemetz, and thereupon letters patent were issued to said Brown's assignee upon December 8, 1885, numbered 331,762. That on August 4, 1884, the said Brown filed a second application for letters patent for a sheet carrier or conveyor for folding machines, and a patent was issued to the Brown Folding Machine Company, as assignee of the said Brown, on July 14, 1885, numbered 322,344. That the said patents No. 322,344 and No. 331,-762 interfere with the rights of the plaintiff under patent No. 343,677, and in the working of the invention described in the latter patent. That

the defendants are manufacturing and selling carrier attachments for paper-folding machines, claiming the right to do so under the patents owned by them, and have in other ways disturbed the plaintiff in the use and enjoyment of the privileges conferred by patent No. 343,677. The bill prays that defendants' patents may be decreed void, for an injunction to restrain infringement of plaintiff's patent, and for an account.

To this bill a demurrer has been filed, showing as causes of demurrer misjoinder of causes of action and misjoinder of parties defendant. The demurrer also refers to an allegation in the bill relative to certain interference proceedings between plaintiff's assignor and one Meek, in which the priority of plaintiff's invention was sustained, which, it is argued, in no way relates to the other matters set forth in the bill, and does not concern the defendants, excepting W. Downing, who is alleged to have procured Meek to file his application for a patent. If this allegation is not material and pertinent, the objection should be made by exception, and not by demurrer. *Stirrat* v. *Manufacturing Co.*, 53 O. G. 1094, 44 Fed. Rep. 142. The objection as to misjoinder of parties has been cured by amendment, and hence was not pressed on argument.

The remaining question is whether there is a misjoinder of causes of action. Two causes of action have been joined in the bill,—one, the alleged infringement by defendants; the other, the interference between plaintiff's and defendants' patents. The latter arises under the provisions of section 4918, Rev. St., which provides that, wherever there are interfering patents, any person interested in any one of them may have relief against the interfering patent by suit in equity against the owners of the interfering patent, and that the court, upon due proceedings had, according to the course of equity, may adjudge and declare either of the patents void in whole or in part. Jurisdiction in the matter of infringement is derived from section 4921 of the Revised Statutes, and defendants' counsel has argued that, as the proceedings were statutory, the relief authorized by the two sections was different, requiring different testimony, with the right to set up defenses in the one case which could not be set up in the other, and the decree in the one case would be entirely different from the decree in the other; that the two causes of action could not be joined in the one bill. There is great force in the defendants' position, and it may perhaps be found that the final result may be detrimental to the plaintiff, since the testimony in regard to the infringement may prevent its obtaining relief under section 4918, while the defendants will be compelled to defend against distinct issues, and the case will be complicated thereby. Were the question entirely new, I should hesitate to sustain the plaintiff's bill, but the same question has been passed upon, and decided in favor of the joinder of the two causes of action. In *Leach* v. *Chandler*, 18 Fed. Rep. 262, Judge WOODS held that a bill which, under section 4918 of the Revised Statutes, upon proper averment, prays an adjudication concerning conflicting patents, and also alleges an infringement of the plaintiff's patent by the defendant, by reason of the manufacture and sale by the latter of articles constructed under his letters, and prays an accounting and damages, is no-

demurrable for misjoinder of causes of action. In *Holliday* v. *Pickardt*, 29 Fed. Rep. 853, Judge WALLACE sustained a bill filed for infringement, and also praying the repeal of an interfering patent under section 4918, and a decree was entered in favor of the plaintiff on both causes of action. In the case of *Paper Co.* v. *Knopp*, 44 Fed. Rep. 609, Judge THAYER said: "It· has been held that a count for infringement and a count under section 4918 may be joined in the same bill, and I can see no objection to that course of procedure." In the case of *Swift* v. *Jenks*, 29 Fed. Rep. 642, Judge COXE entertained a bill filed for both causes of action. It has been held that, where the bill is filed solely for relief under section 4918, the only questions at issue are those of interference and priority as between two patentees, and that the defendant cannot set up as a defense the invalidity of the plaintiff's patent for other reasons. The decisions are referred to in the late case of *Electrical Accumulator Co.* v. *Brush Electric Co.*, 44 Fed. Rep. 602, where Judge BROWN, citing the several cases on the subject, says that the statute has for its sole object the determination of the question of interference and priority; but he intimates that, had the bill been also a bill for an infringement as well as for an interference, every question which might properly be put in issue in an ordinary suit for infringement might be raised. That these are the only questions that are material and relevant when the bill is filed solely for relief under section 4918, and that the defendant cannot attack the validity of the plaintiff's patent upon other grounds, is ruled in *Lockwood* v. *Cleveland*, 20 Fed. Rep. 165;· *American Clay-Bird Co.* v. *Ligowski Clay-Pigeon Co.*, 31 Fed. Rep. 466; *Pentlarge* v. *Pentlarge*, 19 Fed. Rep. 817; and *Sawyer* v. *Massey*, 25 Fed. Rep. 144; and may be regarded as settled. The distinction between the two classes of cases would seem to be, however, that in the latter the plaintiff has elected to proceed under section 4918 for the single relief afforded by that section, and the defendant cannot compel him to litigate any other issue. In the former class of cases the plaintiff elects to raise the question of infringement as well as interference, and, having raised those issues, both of which are within the jurisdiction and cognizance of a court of equity, such a court will entertain a bill, which includes the entire controversy. As such has been the ruling and practice in the other courts where the question has arisen, I think it better that their rulings and practice should be followed upon this question, and the demurrer overruled; particularly as I have been able to find no case to the contrary.

In reference to the suggestion in defendants' brief that "the matter in the bill relating to the grounds for an interference is incompetent and insufficient," the bill, in my opinion, sufficiently states the plaintiff's case in that respect. The demurrer must therefore be overruled.